

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

STACEY Y. CHISOLM     PLAINTIFF

v.     CIVIL ACTION NO. 3:15cv926DPJ-FKB

RANKIN COUNTY SCHOOL DISTRICT     DEFENDANT

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Stacey Y. Chisolm, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of her rights under Title VII and 42 U.S.C. §1981. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### THE PARTIES

1. Plaintiff, Stacey Y. Chisolm is an adult African American female who resides in Hinds County at 404 Vining Court, Byrum, MS 39272.

2. Defendant, Rankin County School District, may be served with process through the Superintendent of Education, Lynn Weathersby, 1220 Apple Park Place, Brandon, MS 39042.

### JURISDICTION AND VENUE

3. This Court has federal question jurisdiction and venue is proper in this court.

4. Plaintiff timely filed a Charge of Discrimination with the EEOC for Race Discrimination on June 22, 2015, a true and correct copy of which is attached as Exhibit

1

"A." The EEOC issued a Notice of Right to Sue on September 23, 2015, a true and correct copy of which is attached as Exhibit "B."

5. Plaintiff timely files this cause of action within the appropriate statute of limitations for claims arising under Title VII and 42 U.S.C. § 1981.

## STATEMENT OF FACTS

6. Plaintiff, an African American female, began working for Defendant in August 2014 as an eighth grade English teacher at McLaurin High School.

7. On August 21, 2014, Plaintiff made complaints about the exceptional education students not fulfilling their assignment requirements, but was verbally attacked by another teacher, Mrs. Thames in front of two other teachers, Mrs. Bowlin and Mrs. Massey.

8. Shortly thereafter Plaintiff was called to a meeting with the Principal, Dr. Scott Rimes (white male), Assistant Principal, Charles Lee (white male), and Cheryl Malone (African American female), wherein she was admonished for the incident with Mrs. Thames and told to stop telling those at the school how intelligent she was.

9. On September 22, 2014, Plaintiff was forced to apologize to parents, Mrs. Brown and Mrs. Orr, after she scolded their children for attempting to record her class and entrap her in a demeaning situation.

10. On several occasions, Plaintiff complained to Dr. Rimes and Mr. Lee about the treatment her children were receiving from their teachers at the same school where she taught. Specifically, her daughter was punished without informing Plaintiff;

her sons were both verbally and physical attacked during school hours. No investigations were done by the administration.

11. On another occasion, Plaintiff's son, Kaleb, was involved in an altercation with a Caucasian student, but only Kaleb was punished.

12. On February 13, 2015, as part of her contract renewal, Plaintiff requested to be assigned to a new school.

13. A few days later, on February 23, 2015, Plaintiff's daughter was both verbally and physically accosted by Caucasian students, 2 males and 1 female. The administration only required an apology from the Caucasian students; they were not reprimanded.

14. On February 27, 2015, when Plaintiff complained to Dr. Rimes about her daughter's teacher, Mrs. Watkins, bullying and intimidating her daughter to keep her from participating as a track team member, Plaintiff was told by Dr. Rimes, "This is not a court of law."

15. On or about April 23, 2015, Plaintiff was called in to a meeting with the Assistant Superintendent, Christie Maulding (Caucasian female) along with a Caucasian police officer, who attempted to intimidate Plaintiff because she had complained that her son's teacher had verbally attacked and embarrassed him in front of his predominantly Caucasian peers. At this same meeting, Ms. Maulding acted aggressive and hostile toward Plaintiff, expressed her distaste for Plaintiff and made her aware that her complaints were a topic throughout the school district.

16. Throughout the school year, Plaintiff reported the racial slurs made by her students toward her to the administration, but nothing was done.

17. In retaliation for her complaints, Plaintiff's teaching contract was not renewed.

18. Plaintiff was discriminated against because of her race (African American) and was retaliated against for complaining of racial discrimination.

## CAUSES OF ACTION

### COUNT I - VIOLATION TITLE VII AND 42 U.S.C. 1981 – RACE DISCRIMINATION

19. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 18 above as if fully incorporated herein.

20. The Defendant violated Title VII and 42 U.S.C. 1981 by allowing its employees, to discriminate against Plaintiff based on her race. Plaintiff is African American; thus, she is protected against discrimination on the basis of her race. Plaintiff was more than qualified for the position she held and performed her teaching duties according to policy procedures and protocol. Plaintiff suffered an adverse employment decision in that her contract with Defendant was not renewed.

21. The unlawful actions of the Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

### COUNT II – VIOLATION OF TITLE VII AND 42 U.S.C. 1981 - RETALIATION

22. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 21 above as if fully incorporated herein.

23. After Plaintiff made her complaints regarding the racial discrimination by Defendant's agents, the Defendant condoned and permitted unlawful retaliation against Plaintiff by not renewing her teaching contract.

24. Plaintiff has been harmed as a result of this retaliation, and the Defendant is liable to Plaintiff for the same.

25. The acts of the Defendant constitute a willful intentional violation of Title VII and 42 U.S.C. § 1981 and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages or reinstatement; or
2. Future wages in lieu of reinstatement;
3. Compensatory damages;
4. Punitive damages;
5. Attorney's fees;
6. Costs and expenses; and
7. Such further relief as is deemed just and proper.

THIS the 21st day of December 2015.

Respectfully submitted,

STACEY Y. CHISOLM, PLAINTIFF

By: _____
Louis H. Watson, Jr. (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com.com
Web:  www.watsonnorris.com